UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-cv-22587-RNS
CIVIL DIVISION
Judge: SCOLA
Magistrate: OTAZO-REYES

SILVIO CAYETANO BARRETO :
MACIAS, *and all others similarly situated* :
*under 29 U.S.C. § 216(b)* :
　　　　　　　　　　　　　　　　　　 :
　　　　　Plaintiff, :
　　　　　　　　　　　　　　　　　　 :
　　　vs. :
　　　　　　　　　　　　　　　　　　 :
MIAMI TERMINAL COLD :
STORAGE, LLC, LEE E. SIGLER, :
　　　　　　　　　　　　　　　　　　 :
　　　　　Defendants. :

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants, Miami Terminal Cold Storage, LLC and Lee E. Sigler, answer the Complaint of Plaintiff, Silvio Cayetano Barreto Macias, as follows:

1. Admitted.

2. Admitted, upon information and belief.

3. Admitted in part, denied in part. Defendants admit that Miami Terminal is a limited liability company that does business in Dade County. The remaining allegations in this paragraph state conclusions of law to which no response is required, and, therefore, those conclusions are denied.

4. Admitted in part, denied in part. Defendants admit that Mr. Sigler is a company officer and/or owner and/or manager of Miami Terminal at all relevant times. The remaining allegations in this paragraph state conclusions of law to which no response is required, and, therefore, those conclusions are denied.

1

5. Admitted.

## COUNT I.  FEDERAL OVERTIME WAGE VIOLATION

6. Admitted in part, denied in part.  Defendants admit that this action is brought as a collective action.  Defendants deny the remaining allegations in this paragraph.

7. The allegation in this paragraph states a conclusion of law to which no response is required.

8. Denied.

9. Denied.

10. Denied.  The allegations in this paragraph state conclusions of law to which no response is required, and, therefore, those conclusions are denied.

11. Denied.  The allegations in this paragraph state conclusions of law to which no response is required, and, therefore, those conclusions are denied.

12. Admitted.

13. Admitted.

14. Admitted in part, denied in part.  Defendants admit that Plaintiff is claiming overtime for each hour worked in excess of 40 using the applicable minimum wage rate as the basis for his overtime calculation between the period Jun 1, 2012 through on or about the year 2013.  Defendants deny the remaining allegations in this paragraph.

15. Admitted in part, denied in part.  Defendants admit that Plaintiff is claiming overtime for each hour worked in excess of 40 using the applicable minimum wage rate as the basis for his overtime calculation between the period 2013 through the present.  Defendants deny the remaining allegations in this paragraph.

16. Denied.

SL1 1381430v1 109720.00001

WHEREFORE, Defendants request that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

## COUNT II.  FEDERAL MINIMUM WAGE VIOLATION

17. Admitted in part, denied in part.  Defendants admit that: (1) as of July 24, 2007, the federal minimum wage was $5.85/hour, (2) as of July 24, 2008, the federal minimum wage was $6.55/hour, and (3) as of July 24, 2009, the federal minimum wage was $7.25/hour.  Defendants deny the remaining allegations in this paragraph.

18. Denied.

19. Denied.

20. Denied.

WHEREFORE, Defendants request that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Some or all of the claims may be barred by the statute of limitations.

3. Some or all of the claims may be barred by the doctrine of laches.

4. Plaintiff's claims may be barred by the doctrine of waiver.

5. Plaintiff is not similarly situated to any other individual to sustain a collective action under the Fair Labor Standards Act.

6. To the extent a factfinder determines that Defendants violated the Fair Labor Standards Act, such violation was not willful.

7. To the extent a factfinder determines that Plaintiff is entitled to damages under the Fair Labor Standards Act, any acts or omissions by Defendants were taken in good faith, and Defendants had reasonable grounds for believing that their acts or omissions were not violations

3

of the Fair Labor Standards Act, and Plaintiff is therefore not entitled to liquidated damages in this action.

WHEREFORE, Defendants request that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

Respectfully submitted,

Dated:  September 3, 2015         By:  */s/ David R. Heffernan*
                                      David R. Heffernan, Esquire
                                      Florida Bar No.:  0893005
                                      david@kairelaw.com
                                      Kaire & Heffernan, LLC
                                      80 SW 8th Street, #1710
                                      Miami, FL  33130
                                      Telephone:  (305) 372-0123
                                      Fax:  (786) 261-0348

                                      *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 3rd day of September, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of electronic filing.

                 By: */s/  David R. Heffernan*
                    David R. Heffernan

SL1 1381430v1 109720.00001

## SERVICE LIST

*United States District Court*
*Southern District of Florida*

Case No.:  15-22587-CIV-SCOLA

| | |
|---|---|
| Elizabeth Olivia Hueber, Esquire<br>J.H. Zidell, P.A.<br>300 71st Street, Suite 605<br>Miami Beach, FL  33141<br>Phone:  (305) 865-6766<br>Fax:  (305) 865-7167<br><br>Julia M. Garrett, Esquire<br>J.H. Zidell, P.A.<br>300 71st Street, Suite 605<br>Miami Beach, FL  33141<br>Phone:  (305) 865-6766<br>Fax:  (305) 865-7167<br><br>Jamie H. Zidell, Esquire<br>J.H. Zidell, P.A.<br>300 71st Street, Suite 605<br>Miami Beach, FL  33141<br>Phone:  (305) 865-6766<br>Fax:  (305) 865-7167<br><br><br>***Attorneys for Silvio Cayetano Barreto Macias*** | David R. Heffernan, Esquire<br>Kaire & Heffernan, LLC<br>80 SW 8th Street, #1710<br>Miami, FL  33130<br>Phone:  305-372-0123<br>Fax:  786-261-0348<br><br><br>STEVENS & LEE, P.C.<br><br>Jo Bennett<br>jb@stevenslee.com<br>Stevens & Lee, P.C.<br>1818 Market Street, 29th Floor<br>Philadelphia, PA  19103<br>Phone:  (215) 751-2883<br>Fax:  (610) 988-0869<br><br>***Attorneys for Defendants*** |

SL1 1381430v1 109720.00001