UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22587-CIV-SCOLA/Otazo-Reyes

SILVIO CAYETANO BARRETO MACIAS, )
CARLOS DAVILA URBINA, *and all others* )
*similarly situated under 29 U.S.C. § 216(b)*, )
)
               Plaintiffs, )
   vs. )
)
MIAMI TERMINAL COLD STORAGE, )
LLC, LEE E SIGLER, )
)
               Defendants. )
_____ )

**FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME, MINIMUM WAGE, AND RETALIATION VIOLATIONS**

**COME NOW** Plaintiffs, SILVIO CAYETANO BARRETO MACIAS and CARLOS DAVILA URBINA, on behalf of themselves and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, file this First Amended Complaint against Defendants, MIAMI TERMINAL COLD STORAGE, LLC, and LEE E. SIGLER, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant MIAMI TERMINAL COLD STORAGE, LLC, is a limited liability company that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective periods of employment ("the relevant time periods").

4. The individual Defendant LEE E. SIGLER is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for

the relevant time period and controlled Plaintiffs' work and schedules, and was therefore Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATIONS

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207(a)(1) states that if an employer covered under the Fair Labor Standards Act employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty "at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff SILVIO CAYETANO BARRETO MACIAS (hereafter, "MACIAS") worked for Defendants as a maintenance man and worker in Defendants' seafood department from on or about June 1, 2012 through on or about July 19, 2015. Additionally, from on or about the year 2013 through July 19, 2015, MACIAS worked for Defendants as a security worker that maintained Defendants' premises.

10. Plaintiff CARLOS DAVILA URBINA (hereafter, "URBINA") worked for Defendants as a warehouse maintenance man from on or about July 20, 2008 until on or about May 20, 2015.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time periods related to the Plaintiffs' respective dates of employment. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time periods because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2008, 2009, 2010, 2011, 2012, 2013, and 2014.

14. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2015.

15. Between the period of on or about June 1, 2012 through on or about the year 2013, Plaintiff MACIAS worked an average of 63 hours a week for Defendants and was paid an average of $7.14 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff MACIAS therefore claims the overtime rate for each hour worked above 40 in a week using the applicable

minimum wage rate as the basis to calculate the overtime due and owing to Plaintiff.

16. Between the period of on or about the year 2013 through on or about July 19, 2015, Plaintiff MACIAS worked an average of 75 hours a week for Defendants (an average of 63 hours a week of standard work as a maintenance man and worker in Defendants' seafood department, plus an additional average of 12 hours of security work on Sundays) and was paid an average of $7.33 per hour, but was never paid the extra half-time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff MACIAS therefore claims the overtime rate for each hour worked above 40 in a week using the applicable minimum wage rate as the basis to calculate the overtime due and owing to Plaintiff MACIAS.

17. Between the period of on or about July 20, 2008 through on or about December 31, 2011, Plaintiff URBINA worked an average of 85 hours a week for Defendants and was paid an average of $5.29 per hour, but was never paid the extra-half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff URBINA therefore claims the overtime rate for each hour worked above 40 in a week using the applicable minimum wage rate as the basis to calculate the overtime due and owing to Plaintiff URBINA.

18. Between the period of on or about January 1, 2012 through on or about May 20, 2015, Plaintiff URBINA worked an average of 70 hours a week for Defendants and was paid an average of $7.85 per hour, but was never paid the extra half-time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the overtime rate for each hour worked above 40 in a week using the applicable minimum wage rate as the basis to calculate the overtime due and owing to Plaintiff

URBINA.

19. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act, because Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time periods specified above.

**WHEREFORE**, the Plaintiffs request double damages and reasonable attorney's fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATIONS

Plaintiffs re-adopt the factual and jurisdictional statements in paragraphs 1-19 above and further state:

20. 29 U.S.C. § 206(a)(1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

21. Between the period of on or about June 1, 2012 through on or about the year 2013, Plaintiff MACIAS worked an average of 63 hours a week for the Defendants. Plaintiff MACIAS was paid an average of $7.14 per hour for said work in violation of the Fair

Labor Standards Act, as said payment of $7.14 per hour did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff MACIAS claims the difference between his average hourly rate of $7.14 per hour, and the applicable federal minimum wage rate of $7.25 per hour for all hours worked during the above-specified period of time.

22. The Defendants' wage payment practices to Plaintiff MACIAS during the above-specified time period did not meet the federal minimum wage law requirements, as Plaintiff MACIAS was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

23. Defendants willfully and intentionally refused to pay Plaintiff MACIAS minimum wages as required by the Fair Labor Standards Act, because Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff MACIAS these wages since the commencement of Plaintiff MACIAS's employment with Defendants for the time period specified above.

**WHEREFORE**, Plaintiff MACIAS requests double damages and reasonable attorney's fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial, for all federal minimum wages still owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act—whichever is greater—along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff MACIAS requests a trial by jury*.

## COUNT III. FLORIDA MINIMUM WAGE VIOLATION

Plaintiffs re-adopt the factual and jurisdictional statements in paragraphs 1-23 above and further state:

24. This Court has jurisdiction for Plaintiff MACIAS's Florida Minimum Wage claim under the Court's supplemental jurisdiction. 28 U.S.C. § 1367.

25. Florida Statute § 448.110(3) states "Effective May 2, 2005, employers shall pay employees a minimum wage at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein."

26. Florida Statute § 448.110(4)(a) states, in part, "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

27. All conditions precedent pursuant to Florida Statute § 448.110 have been met by Plaintiff MACIAS to seek his minimum wage claims against the Defendants. On July 13, 2015, Defendants were served with the Initial Complaint and the Florida Minimum Wage Notice.

28. Florida Statute §448.110(6)(b) provides that, upon receipt of the Florida Minimum Wage Notice, "The employer shall have 15 calendar days after receipt of the notice to pay the

total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days expired on July 28, 2015. However, as of October 28, 2015, the Plaintiff and the Defendants have not resolved Defendants' Florida Minimum Wage violations.

29. As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 24, 2009, the Florida minimum wage defaulted to the Federal minimum wage rate of $7.25/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to $7.93/hr. On January 1, 2015, the Florida minimum wage increased to $8.05/hr. Florida Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

30. From on or about June 1, 2012 through on or about the year 2013, Plaintiff MACIAS worked an average of 63 hours per week for Defendants and was paid an average of $7.14 per hour. Plaintiff MACIAS was not paid the applicable Florida minimum wage rate as required by the Florida Constitution during this time period. Therefore, Plaintiff claims the difference between the actual pay rate of $7.14 per hour and the applicable Florida minimum wage rate for all hours worked during the above-mentioned period of time.

31. From on or about June 1, 2012 through on or about the year 2013, Plaintiff MACIAS

worked an average of 63 hours per week for Defendants and was paid an average of $7.14 per hour. Plaintiff MACIAS was not paid the applicable Florida minimum wage rate as required by the Florida Constitution during this time period. Therefore, Plaintiff MACIAS claims the difference between the actual pay rate of $7.14 per hour and the applicable Florida minimum wage rate for all hours worked during the above-mentioned period of time.

32. From on or about the year 2013 through on or about July 19, 2015, Plaintiff MACIAS worked an average of 75 hours per week for Defendants and was paid an average of $7.33 per hour. Plaintiff MACIAS was not paid the applicable Florida minimum wage rate as required by the Florida Constitution during this time period. Therefore, Plaintiff MACIAS claims the difference between the actual pay rate of $7.33 per hour and the applicable Florida minimum wage rate for all hours worked during the above-mentioned period of time.

33. The Defendants' wage payment practices to Plaintiff MACIAS for the time periods specified above did not meet the Florida minimum wage law requirements, as Plaintiff MACIAS was not paid the required Florida minimum wage rate for all hours worked, and is therefore claiming Florida minimum wage violations.[1]

34. Defendants willfully and intentionally refused to pay Plaintiff MACIAS's minimum wages as required by the Florida Constitution and the Fair Labor Standards Act, as Defendants knew of the Florida Minimum Wage requirements of the Florida Constitution and of the Fair Labor Standards Act and recklessly failed to investigate whether

---

[1] To the extent Plaintiff MACIAS's claim for Florida minimum wage payments overlaps Plaintiff MACIAS's claim for Federal minimum wage payments, Plaintiff MACIAS claims the higher of the two applicable rates.

Defendants' payroll practices were in accordance with the Florida Constitution and the Fair Labor Standards Act. Defendants remain owing Plaintiff MACIAS these wages since the commencement of Plaintiff MACIAS's employment with Defendants for the entire periods of employment specified above.

**WHEREFORE**, Plaintiff MACIAS requests double damages and reasonable attorney's fees from the Defendants, jointly and severally, pursuant to the Florida Constitution as cited above, to be proven at the time of trial, for all minimum wages and business expenses still owing from Plaintiff MACIAS's entire period of employment with Defendants, or as much as allowed by the Florida Constitution—whichever is greater—along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

### COUNT IV: RETALIATION UNDER 29 U.S.C. § 215(a)(3)

Plaintiffs re-adopt the factual and jurisdictional statements in paragraphs 1-34 above and further state:

1. On July 9, 2015, Plaintiffs' counsel filed the Initial Complaint commencing this action for federal overtime and minimum wages against Defendants while Plaintiff MACIAS was still an employee of Defendants.

2. On July 13, 2015, Defendants received Plaintiff MACIAS's Florida Minimum Wage Notice via USPS certified mail.

3. On July 19, 2015, Defendants terminated Plaintiff MACIAS from employment.

4. Upon information and belief, the motivating factor for Defendants' termination of Plaintiff MACIAS was due to Plaintiff MACIAS asserting a claim for mandated wages protected by the FLSA.

5. The termination of Plaintiff MACIAS was an act of retaliation in direct violation of 29 U.S.C. § 215(a)(3) because the motivating factor for said termination was Plaintiff MACIAS claiming legally mandated wages and, as a result, Plaintiff MACIAS has been damaged.

**WHEREFORE**, Plaintiff MACIAS requests judgment against the Defendants, attorney's fees, costs, back wages, double or liquidated back wages from the date of firing up until and including the date of trial, reinstatement, promotion, and injunctive relief prohibiting the Defendants from discriminating in the manner described above, damages for emotional distress, humiliation, pain and suffering, front wages until Plaintiff MACIAS's anticipated age of retirement, and all other damages recoverable by law 29 U.S.C. § 216(b). *Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
J.H. Zidell, Esq.
Florida Bar Number: 0010121