UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-cv-22587-RNS
CIVIL DIVISION
Judge: SCOLA
Magistrate: OTAZO-REYES

SILVIO CAYETANO BARRETO
MACIAS, CARLOS DAVILA URBINA,
*and all others similarly situated under
29 U.S.C. § 216(b)*

    Plaintiffs,

 vs.

MIAMI TERMINAL COLD
STORAGE, LLC, LEE E. SIGLER,

    Defendants.

_____

### DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

Defendants, Miami Terminal Cold Storage, LLC and Lee E. Sigler, answer the First Amended Complaint of Plaintiffs, Silvio Cayetano Barreto Macias and Carlos Davila Urbina, as follows:

1. Admitted.

2. Admitted, upon information and belief.

3. Admitted in part, denied in part. Defendants admit that Miami Terminal is a limited liability company that does business in Dade County. The remaining allegations in this paragraph state conclusions of law to which no response is required, and, therefore, those conclusions are denied.

4. Admitted in part, denied in part. Defendants admit that Mr. Sigler is a company officer and/or owner and/or manager of Miami Terminal at all relevant times. The remaining allegations in

1

this paragraph state conclusions of law to which no response is required, and, therefore, those conclusions are denied.

5. Admitted.

## COUNT I - FEDERAL OVERTIME WAGE VIOLATION

6. Admitted in part, denied in part. Defendants admit that this action is brought as a collective action. Defendants deny the remaining allegations in this paragraph.

7. The allegation in this paragraph states a conclusion of law to which no response is required.

8. Denied as stated. By way of further response, the statutory language speaks for itself.

9. Denied.

10. Denied.

11. Denied. The allegations in this paragraph state conclusions of law to which no response is required, and, therefore, those conclusions are denied.

12. Denied. The allegations in this paragraph state conclusions of law to which no response is required, and, therefore, those conclusions are denied.

13. Admitted.

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

WHEREFORE, Defendants request that the Court dismiss Plaintiffs' First Amended Complaint in its entirety, with prejudice.

## COUNT II - FEDERAL MINIMUM WAGE VIOLATION

20. Admitted in part, denied in part. Defendants admit that: (1) as of July 24, 2007, the federal minimum wage was $5.85/hour, (2) as of July 24, 2008, the federal minimum wage was $6.55/hour, and (3) as of July 24, 2009, the federal minimum wage was $7.25/hour. Defendants deny the remaining allegations in this paragraph.

21. Denied.

22. Denied.

23. Denied.

WHEREFORE, Defendants request that the Court dismiss Plaintiffs' First Amended Complaint in its entirety, with prejudice.

## COUNT III - FLORIDA MINIMUM WAGE VIOLATION

24. The allegation in this paragraph states a conclusion of law to which no response is required.

25. Denied as stated. By way of further response, the statutory language speaks for itself.

26. Denied as stated. By way of further response, the statutory language speaks for itself.

27. Denied. The allegations in this paragraph state conclusions of law to which no response is required, and, therefore, those conclusions are denied.

28. Denied. By way of further response, the statutory language speaks for itself. Defendants further deny that they violated Florida's minimum wage requirements.

29. Admitted in part, denied in part. Defendants admit that the allegations in this paragraph set forth the minimum wage under Florida law and the effective date of such minimum wage. Defendants deny the remaining allegations in this paragraph.

SL1 1393262v1 109720.00001

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

WHEREFORE, Defendants request that the Court dismiss Plaintiffs' First Amended Complaint in its entirety, with prejudice.

## COUNT IV – RETALIATION

35. 1. Admitted.[1]

36. 2. Admitted.

37. 3. Denied.

38. 4. Denied.

39. 5. Denied.

WHEREFORE, Defendants request that the Court dismiss Plaintiffs' First Amended Complaint in its entirety, with prejudice.

## AFFIRMATIVE DEFENSES

1. The First Amended Complaint fails to state a claim upon which relief may be granted.

2. Some or all of the claims may be barred by the statute of limitations.

3. Some or all of the claims may be barred by the doctrine of laches.

4. Plaintiffs' claims may be barred by the doctrine of waiver.

5. Plaintiffs are not similarly situated to each other or to any other individual to sustain a collective action under the Fair Labor Standards Act or under the Florida Minimum Wage Act.

---

[1] The numbering of the paragraphs in the First Amended Complaint start anew in Count IV. This Answer uses the dual numbering as a result.

6. To the extent a factfinder determines that Defendants violated the Fair Labor Standards Act and/or the Florida Minimum Wage Act, such violation was not willful.

7. To the extent a factfinder determines that either Plaintiff Macias or Davila is entitled to damages under the Fair Labor Standards Act and/or the Florida Minimum Wage Act, any acts or omissions by Defendants were taken in good faith, and Defendants had reasonable grounds for believing that their acts or omissions were not violations of the Fair Labor Standards Act and/or the Florida Minimum Wage Act, and Plaintiffs are therefore not entitled to liquidated damages in this action.

WHEREFORE, Defendants request that the Court dismiss Plaintiffs' First Amended Complaint in its entirety, with prejudice.

Respectfully submitted,

Dated: December 1, 2015

By: /s/ *David R. Heffernan*
David R. Heffernan, Esquire
Florida Bar No.: 0893005
david@kairelaw.com
Kaire & Heffernan, LLC
80 SW 8th Street, #1710
Miami, FL  33130
Telephone:  (305) 372-0123
Fax:  (786) 261-0348

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of December, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of electronic filing.

                                                By:  /s/ David R. Heffernan
                                                     David R. Heffernan

## SERVICE LIST

*United States District Court*
*Southern District of Florida*

Case No.: 15-22587-CIV-SCOLA

| | |
|---|---|
| Elizabeth Olivia Hueber, Esquire<br>J.H. Zidell, P.A.<br>300 71st Street, Suite 605<br>Miami Beach, FL  33141<br>Phone: (305) 865-6766<br>Fax: (305) 865-7167<br><br>Jamie H. Zidell, Esquire<br>J.H. Zidell, P.A.<br>300 71st Street, Suite 605<br>Miami Beach, FL  33141<br>Phone: (305) 865-6766<br>Fax: (305) 865-7167<br><br>***Attorneys for Silvio Cayetano Barreto Macias and Carlos Davila Urbina*** | David R. Heffernan, Esquire<br>Kaire & Heffernan, LLC<br>80 SW 8th Street, #1710<br>Miami, FL  33130<br>Phone: 305-372-0123<br>Fax: 786-261-0348<br><br><br>Jo Bennett<br>Stevens & Lee, P.C.<br>1818 Market Street, 29th Floor<br>Philadelphia, PA  19103<br>Phone: (215) 751-2883<br>Fax: (610) 988-0869<br><br>***Attorneys for Defendants*** |

SL1 1393262v1 109720.00001