UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-cv-22587-RNS
CIVIL DIVISION
Judge: SCOLA
Magistrate: OTAZO-REYES

SILVIO CAYETANO BARRETO
MACIAS, CARLOS DAVILA URBINA,
*and all others similarly situated under*
*29 U.S.C. § 216(b)*,

    Plaintiffs,

v.

MIAMI TERMINAL COLD STORAGE,
LLC, and LEE E. SIGLER,

    Defendants.

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants, Miami Terminal Cold Storage, LLC and Lee E. Sigler ("Defendants"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(c) and S.D. Fla. L.R. 7.1, move this Court for entry of an Order granting them judgment on the pleadings as to Counts I and II of the First Amended Complaint. In support of this Motion, Defendants state:

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Silvio Cayetano Barreto Macias filed this collective action lawsuit under the Fair Labor Standards Act ("FLSA") on July 9, 2015 on behalf of himself and all others similarly situated. He alleged that Defendants violated the statute by not paying federal minimum wage and overtime pay to him and to similarly situated workers. Defendants filed an Answer on September 3, 2015.

On October 28, 2015, Plaintiff moved to amend his initial complaint. After the Court granted the motion, Plaintiff filed a First Amended Complaint to add Carlos Davila Urbina as a named plaintiff and to assert additional claims. In the First Amended Complaint, also brought as a collective action under the FLSA, Macias repeated the minimum wage and overtime claims under the FLSA in Counts I and II, and added two claims: (1) an alleged violation of Florida's minimum wage law on his behalf (Count III) and (2) a retaliation claim under the FLSA on his behalf (Count IV). The First Amended Complaint is attached to this brief as Exhibit A.

The caption of the First Amended Complaint identifies the plaintiffs as Mr. Macias, Mr. Urbina, *and all others similarly situated under 29 U.S.C. § 216(b)*(emphasis in original). The introductory paragraph of the First Amended Complaint avers that Mr. Macias and Mr. Urbina are bringing the case "on behalf of themselves and all others similarly situated under 29 U.S.C. § 216(b)." *See* First Amended Complaint at page 1 of 11. The First Amended Complaint further alleges, in relevant part:

> This case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several others similarly situated employees like Plaintiffs who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this Complaint back three years.

*See* First Amended Complaint at ¶ 6.

Macias alleges that he worked as a maintenance man and worker in Miami Terminal's seafood department from approximately June 1, 2012 through July 19, 2015. *See* First Amended Complaint at ¶ 9. He further alleges that at some point in 2013 through July 19, 2015, he also was a "security worker" for Miami Terminal. *See* First Amended Complaint at ¶ 9. Macias claims that he worked 63 hours a week from June 1, 2012 until the middle of 2013, and then worked 75 hours a week until his employment terminated in July 2015. *See* First Amended Complaint at ¶¶ 15-16. He claims his hourly rate was less than the federal minimum wage and

that he was not paid overtime as required by the FLSA. *See* First Amended Complaint at ¶¶ 15-16.

Urbina alleges that he worked as a warehouse maintenance man from approximately July 20, 2008 until May 20, 2015. *See* First Amended Complaint at ¶ 10. Urbina contends that, from July 20, 2008 through December 11, 2011, he worked 85 hours per week at an hourly wage less than the federal minimum wage and that he was not paid overtime. *See* First Amended Complaint at ¶ 17. He further alleges that, from January 1, 2012 through his termination from employment, he worked 70 hours per week but was not paid overtime. *See* First Amended Complaint at ¶ 18.

On December 1, 2015, Defendants filed an Answer to the First Amended Complaint. Thus, the pleadings are closed, and this Motion for Judgment on the Pleadings is appropriately filed.

Neither plaintiff has filed with the court any type of form stating that he consents to the filing of this lawsuit on his behalf.

## MEMORANDUM OF LAW

### A. Standard for Review

In ruling on a motion for judgment on the pleadings, the court must accept as true the facts alleged in the complaint and view them in the light most favorable to the non-moving party. Judgment is appropriate where there are no material facts in dispute. *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).

### B. Defendants Are Entitled to Judgment on the Pleadings As to Counts I and II Because Plaintiffs Have Not Complied With the Filed-Consent Requirements of the FLSA.

Under the FLSA, no employee may be a "party plaintiff" in an FLSA collective action until his written consent is filed in the court where the action is pending. 29 U.S.C. § 216(b). The statute provides:

> An action to recover the liability ... may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. *No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.*

29 U.S.C. § 216(b). The foregoing statutory language establishes that, where a complaint is filed as a putative collective action, the "plaintiff" is not a "party plaintiff" unless he has filed a consent form with the court.

The U.S. Court of Appeals for the Eleventh Circuit has endorsed this conclusion. In *Albritton v. Cagle's, Inc.*, 508 F.3d 1012 (11th Cir. 2007), a consolidated appeal, the Eleventh Circuit affirmed the District Court's dismissal of two FLSA collective actions because the plaintiffs had not consented to the actions by filing opt-in forms. The opt-in issue in *Albritton* arose from an earlier FLSA collective action that had been decertified. In *Albritton*, plaintiffs' counsel sought to re-use consent forms that had been filed in the earlier, decertified action. All of the plaintiffs in the new actions were identified as named plaintiffs in the complaints.

The defendants in *Albritton* moved to dismiss the complaints, contending that the "would-be" plaintiffs had not complied with the filed-consent requirement of Section 216(b). The plaintiffs contended that they did not need to comply with the consent requirement because each plaintiff was a "named" plaintiff, or, in the alternative, the consent forms used in the earlier case were sufficient.

4

The District Court rejected the plaintiffs' argument and agreed with the defendants' position. The Eleventh Circuit affirmed. The Eleventh Circuit made two holdings in *Albritton*: (1) the consents used in the prior litigation were limited to that earlier litigation, and (2) plaintiffs, even the named plaintiffs, must fulfill the consent requirement if they style their complaint as a collective action under Section 216(b). The Eleventh Circuit observed: "The plain language of the statutory provision supports this approach." *Id.* at 1019. *See also Harkins v. The Riverboat Services, Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004) ("The statute is unambiguous: if you haven't given your written consent to join this suit, or if you have but it hasn't been filed with the court, you're not a party.")

There is no doubt that the complaint in this case has been brought as an FLSA collective action under Section 216(b):

- The caption identifies the plaintiffs as Mr. Macias, Mr. Urbina, *and all others similarly situated* under 29 U.S.C. § 216(b) (emphasis added);

- The introductory paragraph states that Mr. Macias and Mr. Urbina are bringing the case "on behalf of themselves *and all others similarly situated* under 29 U.S.C. § 216(b)" (emphasis added); and

- The First Amended Complaint avers that *"[t]his case is brought as a collective action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several others similarly situated employees like Plaintiffs who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this Complaint back three years."*

*See* First Amended Complaint at ¶ 6 (emphasis added).

Indeed, the language found in the complaints in *Albritton* is similar to the language found in the First Amended Complaint in this case. The Eleventh Circuit noted that the complaints in *Albritton* "are attempts to bring an FLSA collective action. ... [T]he principal thrust is the assertion by the named plaintiffs of claims 'on behalf of themselves and all others similarly situated.' The complaints expressly invoke the collective action provision found in § 16(b) of the FLSA, codified at 29 U.S.C. § 216(b), stating in their introductions, for example, '[t]hat this suit is brought on behalf of the Plaintiffs and all others similarly situated pursuant to § 216(b) of the FLSA.'" 508 F.3d at 1016.

Similarly, here, Plaintiffs invoke the language of Section 216(b) to assert claims on behalf of themselves and all others similarly situated to them. Yet neither of them has filed with the Court the consent form that the statute and *Albritton* require each of them to file. Accordingly, Counts I and II of the First Amended Complaint must be dismissed.

Respectfully submitted,

By: /s/ David R. Heffernan
David R. Heffernan
Florida Bar No.: 0893005
david@kairelaw.com
Kaire & Heffernan, LLC
80 SW 8th Street, #1710
Miami, FL 33130
Telephone: (305) 372-0123
Fax: (786) 261-0348

Jo Bennett (admitted *pro hac vice*)
jb@stevenslee.com
Stevens and Lee
1818 Market Street, 29th Floor
Philadelphia, PA 19103-1702
Phone: (215) 751-2883
Fax: (610) 988-0869

Attorneys for Defendants

Dated: January 19, 2016

SL1 1399836v1 109720.00001

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of January, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of electronic filing.

By: */s/ David R. Heffernan*
David R. Heffernan

## SERVICE LIST

*United States District Court*
*Southern District of Florida*

Case No.: 15-22587-CIV-SCOLA

| | |
|---|---|
| Elizabeth Olivia Hueber, Esq.<br>J.H. Zidell, P.A.<br>300 71st Street, Suite 605<br>Miami Beach, FL 33141<br>Phone: (305) 865-6766<br>Fax: (305) 865-7167<br><br>Jamie H. Zidell, Esquire<br>J.H. Zidell, P.A.<br>300 71st Street, Suite 605<br>Miami Beach, FL 33141<br>Phone: (305) 865-6766<br>Fax: (305) 865-7167<br><br>Stephen M. Fox Jr, Esq.<br>J.H. Zidell, P.A.<br>300 71st Street, Suite 605<br>Miami Beach, FL 33141<br>Phone: (305) 865-6766<br>Fax: (305) 865-7167<br><br>***Attorneys for Silvio Cayetano Barreto Macias and Carlos Davila Urbina*** | David R. Heffernan, Esq.<br>Kaire & Heffernan, LLC<br>80 SW 8th Street, #1710<br>Miami, FL 33130<br>Phone: (305) 372-0123<br>Fax:    (786) 261-0348<br><br>Jo Bennett (*Pro Hac* Admission)<br>jb@stevenslee.com<br>Stevens & Lee, P.C.<br>1818 Market Street, 29th Floor<br>Philadelphia, PA 19103<br>Phone: (215) 751-2883<br>Fax: (610) 988-0869<br><br>***Attorneys for Defendants*** |