UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22587-CIV-SCOLA/Otazo-Reyes

SILVIO CAYETANO BARRETO MACIAS,            )
CARLOS DAVILA URBINA, *and all others*     )
*similarly situated under 29 U.S.C. § 216(b)*, )
                                           )
       Plaintiffs,                      )
vs.                                        )
                                           )
MIAMI TERMINAL COLD STORAGE,               )
LLC, LEE E SIGLER,                         )
                                           )
       Defendants.                     )
_____)

**JOINT MOTION FOR APPROVAL OF TERMS OF SETTLEMENT
AND FINAL ORDER OF DISMISSAL WITH PREJUDICE**

Plaintiffs Silvio Cayetano Barreto Macias and Carlos Davila Urbina ("Plaintiffs") and Miami Terminal Cold Storage, LLC, and Lee E Sigler ("Defendants") (Plaintiffs and Defendants shall be collectively referred to as the "Parties"), jointly request that the Court approve the Parties' settlement of the above-captioned matter as set forth below, and upon approval dismiss the instant action with prejudice, and states as follows in support thereof:

This case involved a claim by Plaintiffs pursuant to the Fair Labor Standards Act ("FLSA") alleging unpaid compensation and overtime compensation against Defendants.

The Parties have reached an agreement to fairly and fully resolve this matter and have executed a Settlement Agreement. The Parties are submitting the agreement to this Court for its review and approval, same has been emailed to Chambers for this Court's review.

The Court must approve the settlement terms in FLSA cases, and approve same. *See, Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982).

**MEMORANDUM OF LAW**

1

Pursuant to Lynn's Food Stores there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; Lynn's Food Stores, 679 F.2d 1350, 1353. Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *See, id.*.

In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, 679 F.2d at 1354.

The Parties agree that the instant action involves disputed issues. The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The Parties and their counsel conducted discovery into Plaintiffs' alleged hours worked, overtime hours worked, and pay rate to determine the amount owed to Plaintiffs.

Defendants claim that Plaintiffs are not entitled to liquidated damages because they had a good faith belief that they were in compliance with the FLSA, and the likelihood Defendants would prevail on this issue was one factor dictating the amount of the settlement. Additionally, a dispute of material fact existed as to the Plaintiff's hours worked and pay received, which also led to the parties adopting the settlement as a fair and reasonable resolution of the Plaintiffs FLSA Claims.

**WHEREFORE**, the Parties request that the Court enter an Order approving the settlement; and upon approval dismissing the Complaint with prejudice.

**RESPECTFULLY SUBMITTED**, this 10th day of February, 2017

| | |
|---|---|
| s/Neil Tobak | *s/Adi Amit* |
| **Neil Tobak** | **Adi Amit** |
| J.H. Zidell P.A. | Lubell & Rosen, LLC |
| 300 71st Suite 605 | 200 S. Andrews Avenue |
| Miami Beach, FL 33141 | Suite 900 |
| 305-773-3269 | Fort Lauderdale, FL 33301 |
| Email: ntobak.zidellpa@gmail.com | 954-880-9500 |
| *Attorney for Plaintiffs* | Fax: 954-755-2993 |
| | Email: adi@lubellrosen.com |
| | *Attorney for Defendant* |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10th , 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this

day, via transmission of Notices of Electronic Filing generated by CM/ECF, on all counsel of record in this case.

s/Neil Tobak
**Neil Tobak**
J.H. Zidell P.A.
300 71st Suite 605
Miami Beach, FL 33141
305-773-3269
Email: ntob.zidellpa@gmail.com
*Attorney for Plaintiffs*